07-2865-ag
Qian v. U.S.C.I.S.

BIA
Bukszpan, IJ
A072 565 031
A070 455 860

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand nine.

PRESENT:
>           DENNIS JACOBS,
>                   *Chief Judge*,
>           JON O. NEWMAN,
>           PIERRE N. LEVAL,
>                   *Circuit Judges*.

_____

REN LE QIAN, QIN ZHOU YONG,
AKA YUNG CHOU, AKA CHIN KANG CHUA,
     *Petitioners*,

     v.                   07-2865-ag
                           NAC

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
     *Respondent*.

_____

FOR PETITIONERS:     Joshua Bardavid, Law Office of Jan Potemkin, New York, New York.

091409-**31**

**FOR RESPONDENT:**      Gregory G. Katsas, Assistant Attorney General; Michelle Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Ren Le Qian and Qin Zhou Yong, natives and citizens of the People's Republic of China, seek review of a June 29, 2007 order of the BIA, reversing the February 23, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which granted their application for asylum and withholding of removal. *In re Ren Le Qian, Qin Zhou Yong*, Nos. A072 565 031, A070 455 860 (B.I.A. June 29, 2007), *rev'g* Nos. A072 565 031, A070 455 860 (Immig. Ct. N.Y. City Feb. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand, we review the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622-23 (2d Cir. 2007). We review the agency's factual findings under the substantial evidence

2

standard.  8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Contrary to the petitioners' argument, the BIA did not apply an erroneous standard of review in determining that their evidence failed to demonstrate the objective reasonableness of their claimed fear of forced sterilization.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162-63 (2d Cir. 2008) (concluding that the BIA did not apply an erroneous legal standard in making "a legal determination that, while [petitioner's] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear") (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)).  Moreover, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise" and there is nothing in the BIA's decision compelling the conclusion that it failed to take into account petitioners' evidence.  *See Xiao Ji Chen v.*

3

*U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).  Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution.  *See Jian Hui Shao*, 546 F.3d at 156-65.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

4